UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CHRISTENSEN, | No. 2:18-cv-02776-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| GOODMAN DISTRIBUTION, INC. et al., | |
| Defendant. | |

On December 19, 2019, the court held an informal telephonic conference to resolve a discovery dispute between the parties. All parties, through counsel, were present. For the reasons stated below, the court orders plaintiff to provide defendant with a signed medical authorization with certain limitations.

Generally, plaintiff's complaint alleges that she was sexually harassed and retaliated against while employed by defendant. As part of her claim, she lists the following damages: "physical injury, including but not limited to, sleeplessness, loss of appetite, hair loss, upset stomach, severe migraine headaches, crying, pacing, and uncontrollable shaking." (ECF No. 1-2 at 28 ¶ 80.)

Based on the parties' joint letter and their statements at the hearing, it appears that defendant has been requesting plaintiff's medical records for roughly a year yet received nothing, and plaintiff has represented, on multiple occasions, that she would produce records at a certain

time and failed to do so. Defendant is seeking to compel plaintiff to provide a signed authorization permitting defendant to seek the records itself. Plaintiff, for her part, argues that the authorization is too broad as to time and scope.

Plaintiff's complaint puts certain medical conditions at issue, which permits defendant to seek discovery regarding those conditions. While the court is cognizant that plaintiff would prefer to keep some records private, the parties have agreed to a protective order regarding the records, and it is foreseeable that records from plaintiff's providers could be germane to defendant's case.

However, the court will limit the authorization in time; the authorization is to be limited between January 1, 2007 to the present, roughly representing five years prior to plaintiff's first allegation.

Accordingly, the court ORDERS that

1. Plaintiff is to provide defendant, by December 26, 2019, with a signed medical authorization permitting defendant to obtain plaintiff's health care records, limited in time from January 1, 2007 to the present;

2. Also by December 26, 2019, plaintiff is to produce to defendant the medical records she already has in her possession; and

3. Plaintiff is to make a good faith effort to obtain any additional relevant records she is aware of, and promptly provide them to defendant when possible.

IT IS SO ORDERED.

Dated: December 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE