UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CHRISTENSEN,<br><br>          Plaintiff,<br><br>     v.<br><br>GOODMAN DISTRIBUTION, INC. et al.,<br><br>          Defendants. | No.  2:18-cv-02776-MCE-KJN<br><br><br>ORDER<br><br>(ECF No. 39) |

Presently before the court are defendant's motion to exclude plaintiff's experts and defendant's motion to shorten time to hear such motion.  (ECF Nos. 39, 40.)  The court DENIES defendant's present request to shorten time.  (ECF No. 39.)

Pursuant to Local Rule 144(e) applications to shorten time must contain a "satisfactory explanation for the need for the issuance of such an order."  Courts generally look at ex parte applications with disfavor.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption.  Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'  There had better be a fire.").

Here, defendant seeks to strike certain experts or alternatively have them provide more detailed reports.  (ECF No. 40.)  The motion to shorten time was filed due to defendant being

1

required to disclose supplemental experts by July 15, 2020, presumably before defendant could depose any expert listed by plaintiff.  (ECF No. 39.)  Defendant, however, was aware of the alleged deficiencies in the experts' reports on June 15, 2020 and waited until July 9, 2020—less than a week before the deadline it now emphasizes—to file the present motion.  As defendant's own delay in bringing its motion to exclude is what prompted it to file the present ex parte motion, the court finds that defendant has failed to show good cause and failed to provide a "satisfactory reason" for granting its motion.  See Mission Power, 883 F. Supp. at 492 (holding that to be entitled to ex parte relief the moving party must be without fault in creating the crisis that requires relief).  Defendant has similarly failed to show irreparable prejudice if its motion were not granted, see id., as exclusionary sanctions would still be available.

Accordingly, defendant's motion to shorten time (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: July 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

.2776.christ.