UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CHRISTENSEN, | No. 2:18-cv-02776-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| GOODMAN DISTRIBUTION INC., et al., | (ECF Nos. 33, 40, 42.) |
| Defendant. | |

Presently before the court is plaintiff's motion to compel the production of an unredacted copy of an investigation report. (ECF No. 33.) A hearing was held on plaintiff's motion; Andrea Rosa appeared for plaintiff and Phillip Ebsworth appeared for defendant. (ECF No. 44.) Upon review of the record and the parties' arguments, the court DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff Erin Christensen filed the present action against defendant Goodman Distribution Inc.,[1] primarily alleging wrongful termination and retaliation in violation of public policy after she made protected complaints of sexual harassment, hostile work environment, and gender discrimination. (See ECF No. 1-2 at 12-36.) Plaintiff also brings related claims for breach of contract. (See ECF No. 1-2 at 12.)

---

[1] This diversity action was removed from state court on October 15, 2018. (ECF No. 1.)

1

After defendant objected to plaintiff's initial requests for discovery, on April 13, 2020, the court ordered defendant to respond to plaintiff's discovery requests "to the extent the responses pertain to plaintiff's complaint of sexual harassment and the subsequent investigation." (ECF No. 26 at 2.) While the court informed defendant it retained "the ability to assert relevant privilege(s)[,] [it was] reminded not to unduly redact or fail to produce such documents or responses without good cause." (ECF No. 26 at 2.) In response to the court's order, defendant produced an investigation report regarding plaintiff's harassment claims, but redacted portions of the report based on attorney-client privilege and the work product doctrine. (See ECF Nos. 29 at 1-4; 33-1 at 11-21; 35 at 7.) Defendant claims the report was created by an external attorney, Shannon Lang, shortly after plaintiff's previous attorney sent defendant a letter threatening legal action. (ECF Nos. 29 at 3-4; 35 at 11.) The report, which was "limited to an assessment of Ms. Christensen's allegations of harassment[,]" contains summaries of plaintiff's allegations and witness interviews relating to "four instances of inappropriate or harassing conduct spanning January 2013 through April 2014." (See ECF No. 33-1 at 11.) "Assessment" sections appear in the report after the summaries of each allegation. (See id. at 11-21.) These Assessment sections are all redacted, as well as the report's conclusion and two short portions of witness accounts. (See id.)

**DISCUSSION**

    **I.    Attorney-client privilege**

Plaintiff claims that the investigation report is not protected by attorney-client privilege because the primary purpose of the relationship between Lang and Goodman was that of a factfinder or internal investigator, not an attorney retained for legal advice. (See ECF No. 33 at 5.) Defendant asserts that it hired Lang in anticipation of litigation, specifically due to plaintiff's letter threatening legal action, and therefore the requisite attorney-client relationship existed. (See ECF No. 35 at 7-8.) For the reasons stated below, the court finds that defendant has established a prima facie claim for attorney-client privilege.

California law governs attorney-client privilege issues in this case because jurisdiction is premised on diversity. See Fed. R. Evid. 501. The attorney-client privilege allows the client "to

1  refuse to disclose, and to prevent another from disclosing, a confidential communication between
2  client and lawyer . . . ." Cal. Evid. Code § 954.  The attorney-client privilege covers all forms of
3  communication, including the transmission of specific documents.  Mitchell v. Superior Court 37
4  Cal. 3d 591, 600 (1984).  In determining whether an attorney-client relationship exists, the court
5  focuses on the "dominant purpose of the relationship between the parties to the communication.
6  Under that approach, when the party claiming the privilege shows the dominant purpose of the
7  relationship between the parties to the communication was one of attorney-client, the
8  communication is protected by the privilege." Cal. Earthquake Auth. v. Metro. W. Sec., LLC,
9  285 F.R.D. 585, 595 (E.D. Cal. 2012) (citing Clark v. Superior Court, 125 Cal. Rptr. 3d 361, 372
10  (Cal. Ct. App. 2011)).  "The attorney-client privilege applies to confidential communications
11  within the scope of the attorney-client relationship even if the communication does not relate to
12  pending litigation . . . ." Roberts v. City of Palmdale, 5 Cal. 4th 363, 371 (1993).  "Neither the
13  statutes articulating the attorney-client privilege nor the cases which have interpreted it make any
14  differentiation between 'factual' and 'legal' information." Costco Wholesale Corp. v. Superior
15  Court, 47 Cal. 4th 725, 734 (2009) (quoting Mitchell v. Superior Court, 37 Cal. 3d 591, 601
16  (1984)).

17  The party claiming privilege bears the burden to show preliminary facts necessary to
18  support it.  See State Farm Fire & Casualty Co. v. Superior Court, 54 Cal. App. 4th 625, 639
19  (1997).  Upon doing so, the burden shifts to the opposing party to show an exception applies.  See
20  Lipton v. Superior Court, 48 Cal. App. 4th 1599, 1619 (1996).

21  The nature of the relationship between defendant and its outside counsel, Shannon Lang,
22  establishes a prima facie claim of a privileged attorney-client relationship.  Defendant hired Lang
23  on February 2, 2015, shortly after receiving a letter from plaintiff's lawyer on January 7, 2015.
24  (ECF No. 35 at 6.)  The letter from plaintiff's attorney stated, "this law firm has been retained by
25  [plaintiff] with respect to the filing of a sexual harassment and assault case against your
26  company."  (ECF No. 35-2 at 10.)  Defendant claims it retained Lang "[i]n response to the letter .
27  . . and, in particular, because it threatened litigation."  (ECF No. 35 at 6.)  Lang completed her
28  investigation report on April 7, 2015 (two months after defendant retained Lang), labeled

3

"Privileged & Confidential; Attorney Work Product." (ECF No. 33-1 at 11.) The unredacted portions of the report and the fact that defendant hired Lang in order to investigate plaintiff's claims in light of threatened litigation support the finding of an attorney-client relationship between defendant and Lang. Accordingly, defendant has established a prima facia case that the investigation report is protected by attorney-client privilege.

### II. Work product doctrine

Defendant also argues that the redacted portions of the report are protected by the work product doctrine because they contain the "impressions, conclusions, or opinions of the attorney who conducted the interviews and authored the report." (ECF No. 35 at 9.) Plaintiff again argues that the work product doctrine is inapplicable here because the report was not completed "in anticipation of litigation," and rather as a result of defendant's regular business practice and internal investigation. (ECF No. 37 at 3-5.) The court finds that because the report was completed in response to threatened litigation, the redacted portions of the report are protected by the work product doctrine.

Work-product issues are governed by federal law when a federal court sits in diversity. See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist., 2006 WL 2050999, at *2 (E.D. Cal. July 20, 2006) ("[T]he applicability of the work product doctrine is governed by federal law in diversity cases."). The work product doctrine under Federal Rule of Civil Procedure 26(b)(3) protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." See In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). This doctrine is distinct from the attorney-client privilege and is "not a privilege but a qualified immunity protecting [certain material] from discovery." See Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989).

To qualify for protection against discovery under the work product doctrine, the documents or information must: (1) "be 'prepared in anticipation of litigation or for trial,'" and (2) "be prepared 'by or for another party or by or for that other party's representative.'" In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (9th Cir. 2004) (quoting In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 780-81 (9th Cir. 1989)). The work

product doctrine "shields both opinion and factual work product from discovery," <u>Pacific Fisheries, Inc. v. United States</u>, 539 F.3d 1143, 1148 (9th Cir. 2008), and also protects attorneys' thought processes and legal recommendations. <u>Hickman v. Taylor</u>, 329 U.S. 495, 510-11 (1947). Interview notes and summaries or memorandum of witness statements drafted by counsel are considered protected opinion work product. See <u>Hatamian v. Advanced Micro Devices, Inc.</u>, 2016 WL 2606830, at *2-3 (N.D. Cal. May 6, 2016) (citing <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 400 (1981)).

Opinion work product—an attorney's mental impressions, conclusions, opinions or legal theories—is only discoverable when counsel's mental impressions are at issue and there is a compelling need for disclosure. <u>Holmgren v. State Farm Mut. Auto. Ins. Co.</u>, 976 F.2d 573, 577 (9th Cir. 1992). Other work product is discoverable only if the opposing party can demonstrate "substantial need" and that it is otherwise unable to obtain the substantial equivalent without "undue hardship." Fed. R. Civ. P. 26(b)(3). The party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine. See <u>Tornay v. U.S.</u>, 840 F.2d 1424, 1426 (9th Cir. 1988).

The court finds that the report in question was completed "in anticipation of litigation" because defendant retained attorney Lang shortly after it received a letter from plaintiff's attorney threatening litigation, not as a result of allegations of misconduct which occurred years earlier. See <u>In re Grand Jury Subpoena</u>, 357 F.3d at 907. Further, the format of the report suggests that the redacted portions are the attorney's "impressions, conclusions, or opinions" regarding plaintiff's claims because, while the summaries of plaintiff's allegations and witness statements are unredacted, the majority of the redacted portions fall under headings of "Assessment" and "Conclusion." (<u>See</u> ECF No. 33-1 at 11-21.) The two other redacted portions fall under headings of "Witness Accounts." (<u>See id.</u>) These redacted portions constitute protected opinion work product. See <u>Hatamian</u>, 2016 WL 2606830, at *2-3; <u>Friends of Hope Valley v. Frederick Co.</u>, 268 F.R.D. 643, 648 (E.D. Cal. 2010) (finding that documents concerning an attorney's "mental impressions, conclusions, or opinions" and notes relating to witness interviews are protected work-product). Accordingly, defendant has met its burden to establish work product protection

5

for the redacted portions of the report.

### III. Waiver of attorney-client and work product protections

Because defendant has established that the report is protected under attorney-client privilege and the work product doctrine, the burden shifts to plaintiff to show waiver. See Lipton, 48 Cal. App. 4th at 1619. Plaintiff essentially makes two arguments for waiver: (A) defendant failed to list the report in its privilege log, and (B) defendant has "tendered" issues about prompt remedial measures and similar affirmative defenses. Both arguments fail.

#### A. Waiver based on failure to list report in privilege log

Plaintiff first argues that defendant failed to identify the report in its privilege log, therefore waiving privilege. (ECF No. 33 at 7.) Plaintiff's argument lacks merit because defendant provided nearly the entire document to plaintiff and made known to plaintiff and the court its reasons for asserting privilege in its May 28 joint discovery statement. (See ECF No. 29 at 3-4.)

In the Ninth Circuit, there is no "per se waiver rule" for failure to make a timely assertion of privilege in a privilege log, and instead district courts have discretion to "make a case-by-case determination" of waiver. Burlington Northern & Santa Fe Ry. Co. v. United States, 408 F.3d 1142, 1149 (9th Cir. 2005).

In the present case, the purpose of a privilege log—to help courts and litigants determine the sufficiency of the claimed privilege—has already been accomplished, likely to a greater degree than if defendant summarized the document in a log. See Waymo LLC v. Uber Techs., Inc., 319 F.R.D. 284, 288 (N.D. Cal. 2017) (noting that the purpose of a privilege log is to "list the materials withheld under any claim of privilege and to specify certain time-honored particulars as to each item withheld").

Accordingly, the court declines to find waiver based on defendant's failure to list the investigation report in its privilege log.

#### B. Waiver due to prompt remedial measures

Plaintiff contends that the unredacted investigation report should be disclosed pursuant to the implied waiver doctrine based on two of defendant's affirmative defenses. (See ECF Nos. 33

at 13; 8 at 26-28.)  Defendant asserts as affirmative defenses that it (1) "took prompt and appropriate remedial action to investigate and address [plaintiff's] complaint(s) and took appropriate corrective action," and (2) "[p]laintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by [d]efendant or otherwise failed to exercise reasonable care and diligence to avoid harm or loss that could have reasonably been prevented by such reasonable efforts."  (ECF No. 8 at 26-28.)

Plaintiff argues that "if [defendant] intends to rely upon the existence, fact, contents or results of any investigation in this action, then it impliedly waives the work product and/or attorney/client protection."  (ECF No. 33 at 11.)  Alternatively, plaintiff argues that "if [defendant] does not intend to rely upon the existence, fact, contents or results of any investigation in this action, then we require a stipulation to this effect to foreclose the possibility of prejudicing [p]laintiff by [defendant] later changing its mind and trying to introduce the fact, existence, contents or results of any such investigation into evidence at trial."  (Id.)  Defendant claims that its "affirmative defense is in regard to [p]laintiff's complaints of retaliation and [defendant's] subsequent investigation into those complaints—of which documents have been produced without dispute—not [p]laintiff's complaint of sexual harassment," and therefore the implied waiver theory proffered by plaintiff is inapplicable in this case.  (ECF No. 35 at 12.)  The court finds the instant case distinguishable from the case law relied upon by plaintiff, sufficient to find no basis for an implied waiver based on defendant's affirmative defenses.[2]

Plaintiff relies primarily on Wellpoint Health Networks v. Superior Court, 59 Cal. App. 4th 110 (1997), to support its argument for implied waiver.  Wellpoint held that "if a defendant employer hopes to prevail by showing that it investigated an employee's complaint and took action appropriate to the findings of the investigation, then it will have put the adequacy of the investigation directly at issue, and cannot stand on the attorney-client privilege or work product

---

[2] At the hearing on this matter, defendant's counsel represented to the court that his client does not plan to identify the lawyer who completed the report as a witness, call the lawyer as a witness, or rely on the report's analysis or conclusions at trial.  Plaintiff's counsel found this to be agreeable, apparently satisfying plaintiff's desire for defendant to stipulate to this issue.  (See ECF No. 33 at 11.)

1 doctrine to preclude a thorough examination of its adequacy." Id. at 128-29 (citing Harding v.
2 Dana Transport, Inc., 914 F. Supp. 1084 (D.N.J. 1996)).  Wellpoint involved a plaintiff claiming
3 employment discrimination and hostile work environment against its prior employer, who sought
4 discovery of documents relating to any investigations made by the employer into plaintiff's
5 allegations.  See id. at 117-18.

6       Wellpoint, however, is distinguishable from the instant case.  In Wellpoint the court was
7 presented with a hostile work environment claim, which requires a plaintiff to establish the
8 existence of respondeat superior, i.e., that plaintiff must prove "that management-level employees
9 had actual or constructive knowledge about the existence of a . . . hostile environment and failed
10 to take prompt and adequate remedial action." Id. at 126-27.  Thus, the holding in Wellpoint
11 rested on the fact that the defendant's defense of appropriate remedial measures went *directly* to
12 an element of plaintiff's claim.  See id.  Distinguishable here, plaintiff's claims are for retaliation
13 and wrongful termination, which do not require a showing of an employer's actual or constructive
14 knowledge or the adequacy of the employer's investigation.  See Cal. Lab. Code § 1102.5; Kaiser
15 Found. Hosps. v. Superior Court, 66 Cal. App. 4th 1217, 1226-27 (1998) (clarifying that
16 Wellpoint "did not make a blanket holding that the attorney-client privilege and the work product
17 doctrine are waived in every case that an employer puts the adequacy of its prelitigation
18 investigation at issue[,]" and holding that no waiver occurs where an employee is afforded the
19 entirety of an investigation report with the exception of small redacted portions protected by the
20 attorney-client privilege and the work product doctrine).  Additionally, as defendant has shown, it
21 has already provided plaintiff with discovery related to plaintiff's retaliation and wrongful
22 termination claims.  Therefore, the court rejects plaintiff's argument for waiver based on
23 defendant's affirmative defenses.

24       **IV.**    **Additional outstanding issues**

25       Beyond the present motion, the court addresses additional concerns raised by the parties at
26 the hearing on this matter.

27       First, currently set before the court is an additional discovery motion:  to compel plaintiff
28 to file supplemental expert disclosures, or alternatively to exclude such experts.  (ECF No. 40.)

1  At the hearing plaintiff represented that she would be agreeable to amend these reports, and the
2  parties informed the court they would jointly seek an extension for supplemental expert
3  disclosures.  Accordingly, defendant's motion (ECF No. 40) is DENIED at this time, and the
4  hearing set for July 30, 2020, is VACATED.
5       Additionally, plaintiff raised the issue of defendant failing to provide a person most
6  knowledgeable for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Defendant
7  informed the court that it was waiting on the present ruling to disclose such person(s).  Therefore,
8  as discussed at the hearing, defendant is to designate such deponent(s) by July 22, 2020, along
9  with proposed dates for the deposition.[3]

**CONCLUSION**

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 33) is DENIED.
2. Defendant's motion to strike plaintiff's reply (ECF No. 38) is DENIED.
3. Plaintiff's motion for a one-day extension (ECF No. 42) is DENIED as moot.
4. Defendant's discovery motion (ECF No. 40) is DENIED without prejudice, and the hearing scheduled for July 30, 2020, is VACATED.
5. Defendant shall disclose person(s) most knowledgeable to plaintiff by July 22, 2020 pursuant to Federal Rule of Civil Procedure 30(b)(6), along with proposed dates for that person's deposition.

IT IS SO ORDERED.

Dated:  July 17, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/2776.christ

---

[3] The parties are also informed that, given the current Covid-19 Pandemic, the court's strong preference is to allow depositions to be taken remotely.  However, the parties are free to file a formal motion on this issue.

9