UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIN CHRISTENSEN,

Plaintiff,

v.

GOODMAN DISTRIBUTION, INC., et al.,

Defendants.

No. 2:18–cv–2776–MCE–KJN

ORDER TO EXCLUDE EXPERT TESTIMONY

(ECF No. 48)

On January 7, 2021, the court held a remote hearing on defendant Goodman Distribution, Inc.'s[1] motion to exclude expert testimony from plaintiff's designated expert witnesses. (ECF No. 48.) Plaintiff opposed the motion, and Goodman filed a reply. (ECF Nos. 50, 51.) At the hearing, Philip Ebsworth appeared for defendant, and Andrea Rosa appeared for plaintiff. (ECF No. 22.) For the following reasons, the court GRANTS IN PART defendant's motion.

**BACKGROUND**

**The Complaint**

This removed diversity case involves plaintiff's claim that her former employer, defendant Goodman (an HVAC supplier), retaliated against her after she made protected complaints

[1] The operative complaint also names as defendants "Goodman Manufacturing Company" and "Daikin Global." (ECF No. 1.2 at 14.) In removing the case, Goodman advised that such entities "do not exist." (ECF No. 1 ¶ 13; see ECF No. 1.3 ¶ 7.) Neither entity has appeared in this action, and neither took part in this motion.

regarding sexual harassment, hostile work environment, and gender discrimination. (ECF No. 1.2.) Plaintiff alleges numerous instances of sexual harassment while working as a sales manager for Goodman, including at least one physical assault in April 2014. (Id. ¶ 41.) After reporting these incidents and filing a state court lawsuit in 2015, she claims that the company retaliated against her by transferring her accounts and creating a hostile work environment. When she gave her two-week notice of resignation in July 2016, Goodman allegedly terminated her employment effective immediately. (Id. at 27). Plaintiff asserts six state-law causes of action for labor code violations, wrongful termination in violation of public policy, and breach of contract. (Id. at 12, 27-36.) Plaintiff seeks compensatory and punitive damages, including for lost wages, "emotional distress," and "physical injuries." (Id. at 11, 36.)

**Relevant Procedural History**

The parties have appeared before the undersigned several times for prior discovery disputes over the course of this litigation. Most recently (prior to the instant motion), on July 17, 2020, the court denied plaintiff's motion to compel production of an unredacted investigative report assessing plaintiff's harassment claims against Goodman. (ECF No. 45.) Before the hearing on that motion, Goodman filed a separate motion to compel plaintiff to provide supplemental expert disclosures, or alternatively to exclude such experts, arguing that plaintiff's expert disclosures dated June 15, 2020, were insufficient. (ECF No. 40.) Those disclosures (improperly filed directly with the court) included one or two general sentences for each of the five treating healthcare providers plaintiff designated as non-retained expert witnesses. (ECF No. 34.) At the July 2020 hearing, the court observed that the June 15th disclosures likely did not satisfy Rule 26(a)(2)(C), and plaintiff agreed to supplement the disclosures. Accordingly, the court denied without prejudice defendant's motion to compel. (ECF No. 45 at 9.)

On August 14, 2020, plaintiff served supplemental expert disclosures, adding some more substance to each. (ECF No. 48.1 at 19-22 (Ex. 5).) Defendant informed plaintiff that it still found the disclosures deficient, and on August 28, 2020, plaintiff served "Amended" expert disclosures—despite maintaining that her August 14th disclosures were compliant. (Id. at 28-31 (Ex. 7).) The parties conferred by phone on September 4, 2020, as defense counsel found the

disclosures still lacking a summary of the facts and opinions to which the experts were expected to testify. On the call, plaintiff's counsel agreed to speak with the physician experts in order to provide updated disclosures by September 11, 2020. (Id. at 3; ECF No. 50.1 at 2.) Over the course of the next three months during which defense counsel permitted repeated extensions of time, plaintiff failed to provide any further updated disclosures, prompting the instant motion. (ECF No. 48.1 at 33, 35-38.)

Defendant brings this motion for exclusionary sanctions under Rule 37(c)(1) for plaintiff's failure to file compliant expert disclosures, seeking to preclude the testimony of plaintiff's designated experts and requesting attorneys' fees incurred in preparing this motion. (ECF No. 48 at 9.) Plaintiff filed an opposition[2] to which defendant replied. (ECF Nos. 50, 51.)

**DISCUSSION**

**Legal Standard**

Federal Rule of Civil Procedure 26(a)(2)(C) requires expert disclosures for non-retained experts, such as treating physicians, to state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Rule 26(a)(2)(C) requires "considerably less" in the way of disclosure than the "reports" required for retained experts under Rule 26(a)(2)(B), but "the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." Morgan v. Best Buy Co.,

---

[2] Defendant argues that plaintiff's opposition filed on December 28, 2020 (ECF No. 50) was three days late and should therefore be construed as a non-opposition under L.R. 230(c). (ECF No. 51.) The instant motion for sanctions was initially noticed for hearing on December 31, 2020. Because the court would be closed that day, the court *sua sponte* reset the hearing for January 7, 2021 (ECF No. 49), making plaintiff's opposition due on December 24, 2020. See L.R. 230(c) (opposition due 14 days before hearing date). Although the court was also closed on December 24, 2020, by order of the Chief District Judge, the court remained open for any filings that day, which was not a legal holiday. Still, in recognition of the holiday timing and any potential confusion due to the court's closure on the date plaintiff's opposition was due, the court accepts as timely plaintiff's opposition filed the next business day, December 28, 2020.

2018 WL 2245059, at *2 (D. Nev. Feb. 15, 2018); see Fed. R. Civ. P. 26 Adv. Comm. Notes to 1993 Amendments. "An opposing party should be able (and [is] entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." Krause v. Hawaiian Airlines, Inc., No. 2:18-CV-00928-JAM-AC, 2019 WL 2598770, at *5 (E.D. Cal. June 25, 2019).

"A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c)." Gorrell v. Sneath, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013). If a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth to the Rule 26(a) disclosure requirements." Yeti by Molly, Ltd. v. Deckers Outdoor Corp. ("Yeti"), 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is a "recognized broadening of the sanctioning power," id., which the Federal Rules Advisory Committee described as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ," Adv. Comm. Notes to 1993 Amendments.

As stated above, the rule provides two exceptions to the otherwise "automatic" sanction of witness preclusion: where the failure to disclose the required information is (1) "substantially justified," or (2) "harmless." Fed. R. Civ. P. 37(c)(1); see Yeti, 259 F.3d at 1106. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

When determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997); see also Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless). In addition, where an exclusionary sanction "amount[s] to dismissal of a claim," the district court must also consider whether the claimed noncompliance involved "willfulness, fault, or bad faith." R & R Sails, Inc., 673 F.3d at 1247.

**B. Analysis**

The latest version of plaintiff's expert disclosure, served on August 28, 2020 ("the Amended Disclosures"), identify five non-retained expert witnesses, all of whom are or were plaintiff's healthcare providers. (ECF No. 48.1 at 29.) Compared to the one-to-two-sentence generic summaries provided for each witness in her original June 15, 2020 disclosures, the Amended Disclosures include more detail. But the court agrees with defendant that, except with respect to Dr. Drew Ingram, the Amended Disclosures still fail to satisfy Rule 26(a)(2)(C) because they do not include a "summary of the facts and opinions" to which each witness is expected to testify. See Fed. R. Civ. P. 26(a)(2)(C)(ii).

**1. Dr. McAndrew**

The parties only substantively debate the disclosure provided for Dr. Michael McAndrew, replicated here in full:

> Dr. Michael McAndrew – Dr. McAndrew is a board-certified general adult psychiatrist with the American Board of Psychiatry and Neurology. Dr. McAndrew will present evidence regarding Plaintiff's visits for psychiatric treatment, diagnosis, prescribed medications, and prognosis during her employment with Defendant Goodman.
>
> Dr. McAndrew treated Plaintiff beginning in May 8, 2015 for high anxiety related to workplace problems. Specifically, Plaintiff related to Dr. McAndrew about being sexually harassed while attending a work-related meeting in Irvine during the week of May 8, 2015. Dr. McAndrew will also testify about Plaintiff's depression. He diagnosed her with depression, and Post Traumatic Stress Disorder ("PTSD"). He prescribed 25 mg of Zoloft. Plaintiff had a follow-up on May 13, 2015 and continued to prescribed Zoloft because it was helpful in reducing flashbacks and nightmares. Plaintiff visited with him again on May 26, 2020 where she suffered three (3) panic attacks. The diagnosis on this day remained the same as first diagnosed on May 8, 2015. The subject of the therapy continued to

> be about issues of workplace harassment. Dr. McAndrew continued to prescribe 25 mg of Zoloft. Dr. McAndrew would testify about the causation and liability for the injuries, extent of injuries and damages.

(ECF No. 48.1 at 29-30.)

All agree that Dr. McAndrew, like the other four designated experts, is a non-retained expert subject only to the requirements of Rule 26(a)(2)(C)—and thus requires no full "written report" under Rule 26(a)(2)(B). But the above disclosure fails to satisfy even the more minimal requirements of Rule 26(a)(2)(C) because it does not convey a "summary of the . . . opinions" to which Dr. McAndrew is expected to testify. The disclosure does state the "subject matter" on which Dr. McAndrew would testify, see Fed. R. Civ. P. 26(a)(2)(C)(i): his psychiatric treatment of plaintiff, including the subject of their therapy sessions, and his prescriptions and diagnoses. But the only "opinions" discernable in Dr. McAndrew's disclosure are that he will "testify about the causation and liability for the injuries, extent of injuries and damages." (ECF No. 48.1 at 30.) That highly generalized statement does not qualify as a "summary" of Dr. McAndrew's opinions for purposes of Rule 26(a)(2)(C). For instance, it gives defendant no clue exactly what Dr. McAndrew believes was the cause of plaintiff's injuries. That plaintiff first sought out Dr. McAndrew during the alleged harassment and that the "subject of the therapy continued to be about issues of workplace harassment" does not necessarily mean that Dr. McAndrew holds the professional opinion that her "injuries" were caused by the harassment. See Cooke v. Town of Colorado City, No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013) (a disclosure that advises "that the witness will have opinions in certain areas, but fails to state what the opinions are" is equally consistent with the witness having either of two opposing opinions on those subjects). As in Burreson v. BASF Corp., Dr. McAndrew's expert disclosure is "limited to descriptions of subject matter" and "do[es] not include a summary of the witness['s] opinions." No. 2:13-CV-0066 TLN AC, 2014 WL 4195588, at *5 (E.D. Cal. Aug. 22, 2014) (noting that Rule 26(a)(2)(C) requires "both a statement of the subject matter on which the witness is expected to offer an opinion and 'a summary of the facts and opinions to which the witness is expected to testify'").

Plaintiff argues that, "[w]ith the above disclosure and all the medical records already obtained," defendant "has more than sufficient information for preparing for and completing the depositions" of plaintiff's experts. (ECF No. 50 at 5.) This argument is totally unavailing. Accepting that argument would "virtually gut the intent and purpose of Rule 26(a)(2)(C)," Cooke, 2013 WL 551508, at *5, by placing the burden on defendant to sift through all the medical records to try to figure out what opinions Dr. McAndrew may have included therein, see Brown v. Providence Med. Ctr., 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011). Moreover, medical records are often open to multiple interpretations when it comes to providers' opinions about the causation of a patient's condition or symptoms. Furthermore, it would require defendant to depose Dr. McAndrew to learn what are his opinions – precisely what Rule 26 was designed to eliminate. Instead, Rule 26(a)(2)(C)'s requirement of a summary of what the provider's opinion actually is provides much needed clarity in this regard.[3]

The court recognizes that the summaries of non-retained experts' testimony are designed to be "considerably less extensive" than the reports required under Rule 26(a)(2)(B) and acknowledges the concomitant duty to avoid "requiring undue detail." Adv. Comm. Notes to 2010 Amendments. But, plaintiff must do more than describe the circumstances surrounding her treatment with Dr. McAndrew. As the Amended Disclosures do not summarize what Dr. McAndrew's opinions actually are (including causation, prognosis, and future treatment), they fall short of Rule 26(a)(2)(C)'s requirement.

**2. Mankowski, Dr. Linder, and Dr. Trimmer**

The same defects are found in the disputed disclosures provided for three of the four remaining non-retained experts: plaintiff's therapist Rebecca Mankowski and plaintiff's two other psychiatrists, Drs. David Linder and Robert Trimmer, who treated plaintiff consecutively after Dr. McAndrew. Briefly, each of their disclosures describe the periods in which they treated plaintiff, their diagnoses and medication prescriptions, and (as to Mankowski and Linder) state that they "will testify about the causation and liability for the injuries, extent of the injuries and

[3] Significantly, at the hearing on this motion plaintiff's counsel conceded that she has not spoken to any of these experts and also does not know what are their opinions.

damages." (ECF No. 48.1 at 30-31.) For the same reasons discussed for Dr. McAndrew's disclosure, these three disclosures fail to meet the requirements for Rule 26(a)(2)(C) by failing to summarize the experts' actual opinions. See Krause, 2019 WL 2598770, at *5.

**Dr. Ingram**

The final disputed disclosure is for Dr. Drew Ingram, a gastroenterologist who treated plaintiff for a little over two years. Although plaintiff does little to defend the substance of this disclosure, the court's independent review reveals that it partially satisfies the requirements of Rule 26(a)(2)(C), if only barely. The Amended Disclosures state for Dr. Ingram:

> Dr. Drew Ingram – Dr. Ingram Garrett[4] is a gastroenterologist certified by the Gastroenterology American Board of Medical Specialties. He will present evidence regarding Plaintiff's visits starting in March 2015 through July 2017 for physical symptoms associated with stomach problems, anastomotic ulcers and ileal ulcer and his diagnosis of reactive gastropathy and duodenum problems. He will testify how he came to the diagnosis, the treatment, prognosis, and medications prescribed during that time. He would testify the likelihood that the causation was due to stress related to incidents occurring at work [sic].

(ECF No. 48.1 at 31.)

As with the above disclosures, Dr. Ingram's disclosure adequately summarizes the subject matter of his expected testimony. But, thanks to the final sentence, it also summarizes one opinion to which he is expected to testify: that plaintiff's gastroenterological problems were likely "due to stress related to incidents occurring at work." (Id.) Equipped with this disclosure, defendant can make an informed decision on matters such as whether an opposing expert is needed on that issue, and whether to depose or cross-examine Dr. Ingram about the bases of that opinion. This disclosure therefore satisfies both the letter and the spirit of Rule 26(a)(2)(C), and defendant's motion is denied as to Dr. Ingram. Dr. Ingram's expert testimony should be limited, however, to the one opinion summarized in the above disclosure—namely, that work stress likely caused plaintiff's gastroenterological problems (and not as to any future prognosis or treatment).

---

[4] It appears that plaintiff inadvertently combined Dr. Ingram's name with that of another physician, Dr. Brian Garrett, a psychiatrist who was designated in plaintiff's August 14 supplemental disclosures (ECF No. 48.1 at 20, 22) but not designated in the Amended Disclosures.

**Exclusionary Sanctions Are Warranted**

All of the Amended Disclosures, except for Dr. Ingram's, fail to meet the requirements of Rule 26(a)(2)(C). The question then becomes whether plaintiff can establish either of the exceptions to Rule 37's "automatic" preclusion sanctions: that the failure to disclose the required information is (1) "substantially justified," or (2) "harmless." Fed. R. Civ. P. 37(c)(1); see Yeti, 259 F.3d at 1106; R & R Sails, 673 F.3d at 1246 (burden on party facing sanctions).

The only justifications plaintiff provides are that (a) she lacked control over the treating providers because they are not retained, and (b) any failure to disclose more information "was not willful but merely what she was informed were the requirements of the rule." (ECF No. 50 at 5-6.) The court understands the difficulties of coordinating with physicians who are under no obligation to respond speedily to counsel's requests even under the best of circumstances, much less during a pandemic. But plaintiff's counsel had five months to confirm what opinions these providers expect to give, and she never once sought an extension of the expert discovery scheduling deadlines from the court, despite repeatedly being given notice of Rule 26(a)(2)(C)'s requirements. Nor can counsel's claimed misunderstanding of the rule, whose text is quite plain, justify the shortcomings in most of the Amended Disclosures.

Finding no substantial justification, the court turns to whether the deficient disclosures are harmless, considering the five Wendt factors. See 125 F.3d at 814 (considering (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions). Given how long and fruitless plaintiff's efforts to obtain confirmation of the healthcare providers' opinions have been—and given plaintiff's concession at the hearing that as a result of this impasse she no longer seeks to offer any forward-looking opinions from these providers as to plaintiff's prognosis or future healthcare needs—the court cannot find the deficiency harmless.

Although no trial or pre-trial dates have been set in this case, and the dispositive motions deadline is as much as nine months away, there is still considerable interest in ensuring compliance with the case schedule and court orders—or at least not allowing disputes like this to

go on indefinitely. At a certain point, defendant has a right to know, generally, what opinion testimony it will face. That this dispute has dragged on for the better part of six months without any indication that plaintiff's counsel will succeed in speaking with or otherwise confirming the opinions of the designated healthcare providers persuades the court that a high degree of prejudice exists. Even according to plaintiff, the only sure way at this point for defendant to ascertain these providers' opinions on plaintiffs' injuries is to depose each of them. This is precisely what Rule 26(a)(2)(C) was intended to avoid.

Of course, precluding expert testimony cuts against the public policy favoring the resolution of cases on their merits. This result is especially true here where the court contemplates striking the expert testimony of all of plaintiffs' mental healthcare providers. But this is a problem that could have been avoided by plaintiff proactively seeking modification of the scheduling order to accommodate the delays encountered, many of which the court appreciates were beyond her control during the ongoing pandemic. Moreover, it is not at all clear to the court that lesser sanctions would prove effective at providing defendant the compliant disclosures it deserves. Defendant has been more than generous by agreeing to extension after extension over three months since the original September 2020 deadline for further amended disclosures, and plaintiff has shown no progress—or even attempts toward progress—since the motion's filing. Based on plaintiff's counsel's ongoing inability to obtain confirmation of her providers' opinions for the last nearly six months, the court finds that lesser sanctions such as additional time, or monetary sanctions, would not prove effective.

Finally, although preclusion of plaintiff's mental healthcare providers' expert testimony is a harsh sanction, it is not tantamount to dismissal. Even plaintiff herself agrees that she was no longer planning to have these experts testify to their opinions beyond those formed while they were treating plaintiff. As discussed below, these providers will still be able to testify as fact witnesses regarding their treatment of plaintiff. And plaintiff can still testify to her own pain and suffering. See Krause, 2019 WL 2598770, at *6 (finding exclusion of most of plaintiff's expert witnesses was not tantamount to dismissal in part because plaintiff could still testify to her own pain and suffering). To the extent this preclusion order might amount to a dismissal of a claim,

the court finds that plaintiff's repeated and ongoing failure to provide compliant disclosures despite several extensions from the court and from defendant—combined with a failure to bring the matter to the court's attention for proactive resolution—manifests the requisite degree of fault. See R&R Sails, 673 F.3d at 1257; Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).

Accordingly, the court grants defendant's motion to exclude expert testimony by all the providers designated in plaintiff's Amended Disclosures, except for Dr. Drew Ingram, who may testify regarding his opinion on the causation of plaintiff's medical problems identified in his expert disclosure. Each of the witnesses precluded from offering expert testimony may, of course, testify as fact witnesses to the extent permitted by the trial judge.[5] But the court notes that, contrary to plaintiff's counsel's contention, testimony regarding the cause of plaintiff's injuries is expert testimony. United States v. Urena, 659 F.3d 903, 908 (9th Cir. 2011) (agreeing with sister circuits that "a physician's assessment of the cause of an injury is expert testimony"). So, even if a provider's opinion on causation arguably appears in the medical records, the district judge is unlikely to allow testimony regarding that opinion (except for the specific opinion disclosed for Dr. Ingram), which would have required proper expert disclosure under Rule 26(a)(2)(C) for the reasons discussed above.

**Attorney's Fees Are Not Warranted**

Although Rule 37 contemplates awarding attorney's fees as an additional sanction on top of preclusion sanctions, see Fed. R. Civ. P. 37(c)(1)(A), the court finds the near-total preclusion sanctions awarded here sufficient. Despite the extended delay defendant has weathered, necessitating the expense of bringing this motion, plaintiff's counsel's conduct has not been egregious enough to warrant further sanctions.

////

////

////

[5] A fact witness is a witness whose testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

**CONCLUSION**

Accordingly, IT IS ORDERED that:

1. Defendant's motion to exclude expert testimony (ECF No. 48) is GRANTED in part, and DENIED in part;
2. The following individuals are excluded from presenting evidence under Federal Rule of Evidence 702, 703, or 705 as expert witnesses, pursuant to Rule 37(c)(1): Dr. David Linder, Rebecca Mankowski, Dr. Michael McAndrew, and Dr. Robert Trimmer;
3. Dr. Drew Ingram is permitted to offer testimony under Rules 702, 703, or 705 only as to his opinion on the causation of plaintiff's medical problems identified in his August 28, 2020 expert disclosure; and
4. Defendant shall have 30 days from the date of entry of this order to serve plaintiff with any rebuttal expert witness disclosures solely for the purpose of rebutting the disclosed expert testimony of Dr. Drew Ingram.

IT IS SO ORDERED.

Dated: January 8, 2021

Kendall J. Newman

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chris.2776